UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLEMAN E. ADLER & SONS, LLC,** * | **CIVIL ACTION NO. 2:21-cv-00648** |
| **ROYAL CLOUD NINE, LLC AND** * | |
| **LATROBE'S ON ROYAL, LLC** * | **SECTION J** |
|     **Plaintiffs** * | |
| * | **JUDGE CARL BARBIER** |
| **VERSUS** * | |
| * | **MAG. NO. 5** |
| **AXIS SURPLUS LINES INSURANCE** * | |
| **COMPANY; MARSH & MCLENNAN** * | **MAG. JUDGE MICHAEL NORTH** |
| **AGENCY, LLC; RISK PLACEMENT** * | |
| **SERVICES, INC.; ABC INSURANCE** * | **A JURY IS DEMANDED** |
| **COMPANY; AND DEF INSURANCE** * | |
| **COMPANY** * | |
|     **Defendants** * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO DISMISS

Defendant, AXIS SURPLUS INSURANCE COMPANY (incorrectly named in the Complaint as "AXIS Surplus Lines Insurance Company") ("AXIS"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the Complaint filed by Plaintiffs COLEMAN E. ADLER & SONS, L.L.C., ROYAL CLOUD NINE, L.L.C., and LATROBE'S ON ROYAL, L.L.C. ("Plaintiffs"), with prejudice.

Plaintiffs' claims against AXIS must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state a claim for relief that is plausible on its face. The unambiguous terms of the AXIS Policy provide coverage only if Plaintiffs' damages were due to "direct physical loss of or damage to" property caused by a "Covered Cause of Loss." Moreover, the policy excludes "[l]oss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened … dispersal of" contaminants that "can cause or threaten damage to human health," including a "virus," as well as other applicable exclusions. Thus, Plaintiffs'

alleged economic losses due to governmental restrictions put in place to slow the spread of COVID-19 are not covered by the plain language of the AXIS Policy.

The Court should grant AXIS' Motion and dismiss the First Cause of Action seeking insurance coverage because Plaintiffs' Complaint does not contain any competent allegations that would give rise to coverage. The Court should dismiss the Second Cause of Action for alleged bad faith because that claim is dependent upon coverage under the AXIS Policy, which does not exist, and otherwise fails to allege breach of the referenced statutory provisions.

Alternatively, the Court should grant the Motion and dismiss the Complaint because Plaintiffs failed to cooperate with AXIS over the course of the claim which is a condition precedent to suit.

In connection with filing this Motion, AXIS is filing a memorandum of reasons and authorities pursuant to Local Rule 7.4, which is attached hereto.

WHEREFORE, for the foregoing reasons and those more particularly stated in the attached memorandum, Defendant AXIS SURPLUS INSURANCE COMPANY (incorrectly named in the Complaint as "AXIS Surplus Lines Insurance Company") respectfully requests that the Court dismiss the claims against it, with prejudice, and grant such other and further relief as it deems necessary and appropriate.

Respectfully submitted,

/s/ Kyle P. Kirsch
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone:  504 324-6493
Facsimile:  504-324-6626
***Attorneys for AXIS Insurance Company***

2

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and/or via electronic mail this 7th day of April, 2021.

/s/ Kyle P. Kirsch