UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLEMAN E. ADLER & SONS, LLC, ET AL.

CIVIL ACTION

VERSUS

NO: 21-648

AXIS SURPLUS INSURANCE COMPANY, ET AL.

SECTION: "J" (5)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 5)** filed by Axis Surplus Insurance Company. Coleman E. Adler & Sons, LLC, Royal Cloud Nine, LLC, and Latrobe's on Royal, LLC (collectively, "Plaintiffs") filed an opposition. (Rec. Doc. 11). Axis Surplus Insurance Company filed a reply. (Rec. Doc. 33). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs own and operate three jewelry stores and a reception venue in Louisiana, which were forced to close or reduce their operations by civil authority orders due to the COVID-19 pandemic. In order to recoup their losses, Plaintiffs filed the present suit in state court against: (1) their insurance agent, Marsh & McLennan Agency,LLC ("Marsh"); (2) their wholesale broker, Risk Placement Services, Inc. ("RPS"); and (3) their commercial property insurer, Axis Surplus Insurance Company ("Axis").

1

During the pandemic, Plaintiffs carried commercial property insurance issued by Axis, which covered "direct physical loss of or damage to Covered Property … caused by or resulting from any Covered Cause of Loss." (Rec. Doc. 1-2 at p. 36). Plaintiffs claim that they suffered business interruption losses and allege that the insured locations were damaged and the access to their premises were prohibited by the government due to similar damage to other properties within one mile of the stores' locations. Specifically, Plaintiffs claim that these properties were "damaged" because "[c]oronavirus was physically present in [Plaintiffs'] locations and properties within one mile of same," and the presence of the virus "creat[ed] a dangerous property condition and prevented the use of [the] property, [which] is a direct physical loss to [the] property." (Rec. Doc. 1-2 at pp. 11-13).

In response to the instant suit, Defendants timely removed this case to this Court, which has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Subsequently, Axis filed the instant motion to dismiss for failure to state a claim, wherein Axis argues: (1) Plaintiffs' COVID-19 related losses are not direct physical losses or damage; (2) policy exclusions exclude coverage for Plaintiffs' COVID-19 related losses; and (3) Plaintiffs failed to allege compliance with conditions precedent for suit under the AXIS Policy. (Rec. Doc. 5).

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the

claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## **DISCUSSION**

As explained above, the policy at issue in this case only covers "direct physical loss of or damage to Plaintiffs' covered properties. (Rec. Doc. 1-2 at p. 36). Axis argues that Plaintiffs' COVID-19 related losses are not covered because there was no direct

physical loss of or damage to Plaintiffs' properties. (Rec. Doc. 5 at p. 2). Plaintiffs argue that they suffered direct physical loss of and/or damage to their properties from the presence of any coronavirus particles and the presence of people infected with or carrying coronavirus particles, which created a dangerous condition and prevented the use of the properties. (Rec. Doc. 1-2 at pp. 4-5).

"When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms." *Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So.2d 119, 124. In *Dickie Brennan & Co., Inc. v. Lexington Insurance Co.*, the Fifth Circuit held that insurance policies covering physical loss of and/or damage to properties do not cover busines interruption losses arising from civil authority orders unless there is proof of physical damage to the covered property. 636 F.3d 683, 686-87 (5th Cir. 2011). Despite Plaintiffs' arguments to the contrary, courts across the country have recognized that "COVID-19 harms people, not property."[1] Since Plaintiffs have not shown any evidence that their properties have suffered from "physical and demonstrable alteration," Plaintiffs have not met the Fifth Circuit's definition of "physical loss or damage." *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, No. CV 20-1470, 2021 WL 1600247, at *7 (E.D. La. Apr. 23, 2021).

Indeed, Plaintiffs have failed to cite a single case wherein a court applying Louisiana law found that COVID-19 related business interruptions were considered

---

[1] *Kevin Barry Fine Art Assocs. v. Sentinel Ins. Co., Ltd.*, No. 20-CV-04783-SK, 2021 WL 141180, at *6 (N.D. Cal. Jan. 13, 2021); *see also Uncork & Create LLC v. Cincinnati Ins. Co.*, No. 2:20-CV-00401, 2020 WL 6436948, at *5 (S.D.W. Va. Nov. 2, 2020).

direct physical loss or damage. On the other hand, Axis has provided the Court with multiple decisions in which federal courts have found no coverage under facts similar to the facts of this case.[2] Further, Louisiana courts addressing this very question have also consistently held that closures mandated by civil authorities due to the COVID-19 pandemic did not cause direct physical loss or damage because their injury is purely economic in nature.[3]

The Court sees no reason to depart from the reasoning of the aforementioned cases. Because the Court finds that Plaintiffs have failed to allege a covered direct physical loss or damage, it need not address Axis' other arguments.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss* **(Rec. Doc. 5)** filed by Axis Surplus Insurance Company is **GRANTED**. Plaintiffs' claims against Axis Surplus Insurance Company are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of June, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, *id.*; *Muriel's New Orleans, LLC v. State Farm Fire & Cas. Co.*, No. CV 20-2295, 2021 WL 1614812, at *7 (E.D. La. Apr. 26, 2021*); Lafayette Bone & Joint Clinic, Inc. v. Transp. Ins. Co.*, No. 6:21-CV-00317, 2021 WL 1740466, at *3 (W.D. La. May 3, 2021) ("This court finds no ambiguity in the requirement that the premises suffer a physical loss or damage (regardless of whether 'physical' modifies just loss), or in its implications for coverage in this matter. ... [E]very district court within the circuit to address the issue has determined that a building's exposure to the coronavirus does not meet this requirement.") (emphasis added).

[3] *See, e.g.*, *Nite, Nite LLC v. Certain Underwriters at Lloyd's London*, No. 698068 (La. Dist. Ct. Feb. 9, 2021); *Cajun Conti LLC, et al. v. Certain Underwriters at Lloyd's London*, No. 2020-02558 (La. Dist. Ct. Feb. 10, 2021).