UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLEMAN E. ADLER & SONS, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 21-648 |
| AXIS SURPLUS INSURANCE COMPANY, ET AL. | SECTION: "J" (5) |

## ORDER AND REASONS

Before the Court are two *Motions to Dismiss for Failure to State a Claim* **(Rec. Docs. 14, 26)** filed by Marsh & McLennan Agency, LLC and Risk Placement Services, Inc. (collectively, "Defendants"). Coleman E. Adler & Sons, LLC, Royal Cloud Nine, LLC, and Latrobe's on Royal, LLC (collectively, "Plaintiffs") filed a single opposition to both motions. (Rec. Doc. 27). Defendants filed separate replies. (Rec. Docs. 33, 37). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs own and operate three jewelry stores and a reception venue in Louisiana, which were forced to close or reduce their operations by civil authority orders due to the COVID-19 pandemic. In order to recoup their losses, Plaintiffs filed the present suit in state court against: (1) their insurance agent, Marsh & McLennan Agency, LLC ("Marsh"); (2) their wholesale insurance broker, Risk Placement Services, Inc. ("RPS"); and (3) their commercial property insurer, Axis Surplus Insurance Company ("Axis").

1

During the pandemic, Plaintiffs carried commercial property insurance issued by Axis, which covered "direct physical loss of or damage to Covered Property … caused by or resulting from any Covered Cause of Loss." (Rec. Doc. 1-2 at p. 36). Plaintiffs claim that they suffered business interruption losses and allege that the insured locations were damaged and the access to their premises were prohibited by the government due to similar damage to other properties within one mile of the stores' locations. Specifically, Plaintiffs claim that these properties were "damaged" because "[c]oronavirus was physically present in [Plaintiffs'] locations and properties within one mile of same," and the presence of the virus "creat[ed] a dangerous property condition and prevented the use of [the] property, [which] is a direct physical loss to [the] property." (Rec. Doc. 1-2 at pp. 11-13).

In response to the instant suit, Defendants timely removed this case to this Court, which has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Subsequently, Axis filed a motion to dismiss for failure to state a claim, which the Court granted after finding that the Axis policy did not cover Plaintiffs' COVID-19 related losses. (Rec. Doc. 37).

In their complaint, Plaintiffs argue that the remaining Defendants are liable for breach of contract and negligence arising from their: (1) failure to advise them about the need for broader virus-related coverage; (2) failure to perform due diligence regarding their businesses; and/or (3) failure to recommend appropriate insurance coverage. (Rec. Doc. 1-2 at pp. 19-20). Responding to Plaintiffs' claims, Defendants

each filed motions to dismiss, arguing that Plaintiffs have failed to allege the breach of any duty owed to them. (Rec. Docs. 14, 26).[1]

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true

---

[1] March and RPS also raise other separate arguments; however, the Court need not address those arguments to dispose of the instant motion.

legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

### DISCUSSION

Under Louisiana law, an insurance agent owes his client a duty of "reasonable diligence." *Isidore Newman School v. J. Everett Eaves, Inc.*, 2009-2161 (La. 7/6/20), 42 So. 3d 352, 356. An insurer fulfills this duty by procuring the insurance requested by the client. *Id.* For this reason, "[i]t is the insured's responsibility to request the type of insurance coverage." *Mandina, Inc. v. O'Brien*, 2013-0085 (La. App. 4 Cir. 7/31/13), 156 So. 3d 99, 112.

In *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.* the Fifth Circuit held that an insurance agent may have a heightened duty to recommend coverage under Louisiana law, depending on the agent's representations of his services and the relationship and agreements between the agent and his client. 910 F.2d 224, 229 (5th Cir. 1990). However, in *Isidore Newman School*, the Louisiana Supreme Court held that insurance agents are not obligated "to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs." 42 So. 3d at 359. Reconciling these two cases, courts have held that the Louisiana Supreme Court's holding in *Isidore Newman School* limits the application of the heightened duty to recommend coverage established by the Fifth Circuit in *Offshore Production* to narrow factual situations.[2] Specifically, an insurance agent may have

---

[2] *See VCS, LLC v. Mt. Hawley Ins. Co.*, No. CV 21-92, 2021 WL 1399879, at *9 (E.D. La. Apr. 14, 2021) (Brown, C.J.); *Hernandez v. State Farm Gen. Ins. Co.*, No. 13-5783, 2014 WL 1457813, at *3

4

a heightened duty only where the agent has reason to know that the client had "a specific risk about which the client expressed concern" or "requested coverage for specific circumstances." *Hernandez*, 2014 WL 1457813, at *3; *VCS, LLC*, 2021 WL 1399879, at *9.

In this case, Plaintiffs do not allege that they made a specific request for a policy that would have covered their COVID-19 related losses, nor do Plaintiffs argue that they expressed any concerns about COVID-19 related risks. Instead, Plaintiffs argue that Defendants owed a heightened duty to Plaintiffs because they held themselves out as experts in marketing insurance to their businesses on their respective websites. (Rec. Doc. 1-2 at pp. 14-16).

Plaintiffs cite two non-binding cases with similar factual allegations to support their argument. *VCS, LLC*, 2021 WL 1399879, at *9 (Brown, C.J.); *Sika Invs., LLC v. RLI Corp.*, No. CV 21-404, 2021 WL 2134697, at *4 (E.D. La. May 26, 2021) (Feldman, J.). In both of these cases, the plaintiffs alleged that the defendant insurance agents held themselves out in their marketing materials, such as their websites, as experts in providing insurance appropriate to the plaintiffs' respective businesses. *Id.* In each decision, the court held that these representations were sufficient to establish that these defendant insurance agents owed a heightened duty to the plaintiffs, and these agents may have breached their duty by failing to recommend virus-related coverage. *Id.*

---

(E.D. La. 2014) (Morgan, J.); *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2010 WL 11545223, at *4 (E.D. La. 2010) (Zainey, J.).

However, there are two fatal flaws in Plaintiffs' argument that Defendants' websites established a heightened duty of care. First, Plaintiffs' complaint contains no allegation that they viewed these websites prior to renewing their policy. If Plaintiffs never viewed the website, then these representations could not have affected their expectations of Defendants' services, and thus, no heightened duty could have been established.

Second, even if Plaintiffs had viewed the websites prior to contracting or renewing their contracts with Defendants, the Court disagrees that these representations created a heightened duty of care under the facts of this case. It is clear that *Isidore Newman School* limits the application of the heightened duty of insurance agents established in *Offshore Production* to situations where the client, at the least, communicates specific concerns or requests coverage for specific circumstances. Plaintiffs have made no allegations that such communications or requests were made to Marsh, much less RPS, which is a wholesale insurance broker that never communicated with Plaintiffs.

For the above reasons, the Court concludes that Defendants did not owe Plaintiffs a heightened duty of care. Therefore, they did not breach their duty because they did not fail to provide any insurance coverage requested by Plaintiffs. *See Isidore Newman School*, 42 So. 3d at 356.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motions to Dismiss* **(Rec. Docs. 14, 26)** filed by Marsh & McLennan Agency, LLC and Risk Placement Services, Inc. are **GRANTED**. Plaintiffs' claims against Marsh & McLennan Agency, LLC and Risk Placement Services, Inc. are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of June, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE